UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJANN HARDY, | No. 2:25-cv-2837 AC P |
| Petitioner, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

After reviewing the petition for habeas corpus, it appears that petitioner has failed to exhaust state court remedies for the claims in the petition. ECF No. 1 at 6-12. The petition clearly states that petitioner's counsel did not present Claims Two, Three, and Four on appeal and that he is in the process of exhausting his remedies. Id. at 7, 10-12. It is further unclear whether Claim One has been exhausted. Although petitioner states that his attorney raised Count One, he also states that he is "[c]urrently in the administrative process." Id. at 7, 12.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily

1

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). "District courts are permitted to *sua sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion." Atkins v. Montgomery, No. 20-56007, 2024 WL 3594386, at *2, 2024 U.S. App. LEXIS 18985, at *4 (9th Cir. 2024) (citation omitted); Day v. McDonough, 547 U.S. 198, 206 (2006) ("federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level" (citation omitted)).

It appears that the instant petition may be fully unexhausted. The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). To the extent this may be a mixed petition, which is a petition containing both exhausted and unexhausted claims, the courts is still barred from adjudicating it. Rhines v. Weber, 544 U.S. 269, 273 (2005). This total exhaustion requirement has two exceptions: when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Because the petition is either fully or partially unexhausted on its face, it cannot be considered by this court as presented because the court can only consider fully exhausted petitions. Petitioner will therefore be required to show cause why the petition should not be dismissed for failure to exhaust his state court remedies as to all claims. This means that he must show either that (1) he has presented all of his claims to the California Supreme Court, or (2) an exception to the exhaustion requirement applies.

2

Failure to demonstrate that the claims in the petition are exhausted or that the exhaustion requirement is excused will result in a recommendation that any unexhausted claims be dismissed without prejudice and the petition proceed on exhausted claims only, if any exhausted claims exist.  Petitioner may also voluntarily dismiss any unexhausted claims or the entire petition if all claims are unexhausted or if he does not want to proceed on the petition without all of the claims. If any claims in the petition are in fact unexhausted, as it appears, petitioner may file a motion to stay this case while he returns to state court to exhaust his claims.  **Petitioner is advised that if his claims are unexhausted, he does not require and should not wait for an order from this court to exhaust his claims in state court and he should pursue his claims in state court without delay**.

The first type of a stay petitioner may pursue is referred to as a "Rhines" stay.  See Rhines v. Weber, 544 U.S. 269, 278 (2005).  Under Rhines, the court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief.  Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted).  If petitioner decides to move for a stay, he must address all three factors.

The second type of a stay is referred to as a "Kelly" stay.  See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under Kelly, a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.  This is a more cumbersome procedure than a Rhines stay because it requires the petitioner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due

to the one-year statute of limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely.  Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Finally, petitioner may dismiss any unexhausted claim or the entire petition without prejudice while he returns to state court to exhaust his claims.  However, if petitioner chooses to voluntarily dismiss any claims or the petition as a whole, the court makes no guarantee that petitioner will be able to pursue any dismissed claims at a later date or that a later filed petition will be timely.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 5) is GRANTED;

2.  Within thirty days of the service of this order, petitioner shall show cause why the petition should not be dismissed as unexhausted.  He may alternatively choose to voluntarily dismiss any unexhausted claims or the entire petition without prejudice.

3.  Within thirty days of the service of this order, petitioner may file a motion for stay under Rhines or Kelly, as set forth above.

DATED: July 10, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4